WIESBADER v. MARKS et al.   (No. 6939.)

(Supreme Court, Appellate Division, First Department.   March 19, 1915.)

INJUNCTION ☞137—TEMPORARY INJUNCTION—GROUNDS.

Where municipal officers, unlawfully maintaining markets on city property at the time of the commencement of an action by taxpayers to restrain them from continuing so to do, took appropriate steps to correct the illegality before the time for arguing a motion for temporary injunction, temporary injunction will be denied.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec. Dig. ☞137.]

Dowling, J., dissenting.

Appeal from Special Term, New York County.

Action by Isidor Wiesbader against Marcus M. Marks, as President of the Borough of Manhattan, City of New York, and others. From an order denying an injunction pendente lite, plaintiff appeals. Affirmed.

See, also, 152 N. Y. Supp. 1148.

---

Argued before CLARKE, LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Abraham Gruber, of New York City, for appellant.

John F. O'Brien, of New York City, for respondents.

SCOTT, J. This is a taxpayer's action to restrain the defendants, who are respectively president of the borough of Manhattan, commissioner of docks and ferries, and commissioner of bridges of the city of New York, from continuing or allowing to be continued certain open markets upon public places belonging to said city. It seems that, in the summer or early autumn of the year 1914, the defendant Marks, with the co-operation of the other defendants, undertook to establish and did establish open markets on public lands belonging to the city of New York, at the Ft. Lee Ferry, at First avenue and Fifty-Ninth street, and at Third avenue and 129th street. The location of the Ft. Lee Ferry market was on property acquired by the city of New York for dock purposes. The location of the other two markets was on land acquired by the city for bridge purposes.

Strictly speaking, the defendants, in attempting to establish these markets, acted beyond their authority, although no question is made by any one as to the motives by which they were actuated. If it appeared that the defendants, having been advised of the illegality of their acts, persisted in doing that which they have no lawful authority to do, a case might be made for the interference of the court. But it does not so appear. On the contrary, the proper municipal authorities have taken the matter in hand and have acted within the provisions of the charter.

As to the markets at First avenue and Fifty-Ninth street, and at Third avenue and 129th street, the board of aldermen, who have the power so to do, have adopted ordinances establishing markets, subject to such rules and regulations as may be made by the comptroller. As to the market established on dock property at Ft. Lee Ferry, it is represented to us that the commissioner of docks and ferries, within whose jurisdiction the land lies, has ordered the market to be removed, having been advised by the corporation counsel that a market may not lawfully be maintained upon land acquired for dock and bulkhead purposes. It therefore appears that the constituted municipal authorities are taking or have taken the appropriate steps to correct any illegality committed by the defendants. Under these circumstances, we see no occasion to exercise our discretion to grant an injunction pendente lite.

The order appealed from is therefore affirmed, with $10 costs and disbursements.

LAUGHLIN, CLARKE, and HOTCHKISS, JJ., concur.

DOWLING, J. (dissenting). When plaintiff brought this action, defendants were maintaining or permitting to be maintained three public markets without any legal warrant or justification whatever, namely, at Queensboro Bridge, at 129th street and Third Avenue Bridge,

and at Ft. Lee Ferry. By the time that the motion for a temporary injunction was argued, steps had been taken to legalize two of these markets (those conducted at the bridge sites); the board of aldermen having passed appropriate ordinances to legalize their maintenance, which became effective when the mayor returned them to the board without either approving or disapproving the same. The Ft. Lee Ferry market was still being maintained, however, without any warrant of law, and the record showed no intention of abandoning the operation of the same, although it appears by affidavits submitted upon the motion to dismiss the present appeal that the commissioner of docks has ordered the borough president to remove from the dock property, on which the market was established, and his action has been approved by the commissioners of the sinking fund. That removal, however, was only to become effective on March 1st.

Thus plaintiff established upon the hearing of his motion the violation of official duty on the part of defendants Marks and Smith, in that the market at the Ft. Lee Ferry had been unlawfully established upon dock property, had been there maintained, was still being maintained, and was proposed to be maintained. Laudable as the purposes of the defendant officials may have been in establishing these public markets, and beneficial as the latter may prove themselves to the community, the undisputed fact remains that they were established in violation of law, and that one at least was still being so maintained, with no disclosed intention at that time to discontinue its maintenance. Under these conditions, the plaintiff was entitled, as a taxpayer, to maintain this action, and to obtain the relief sought to prevent an illegal official act. Section 51, General Municipal Law (chapter 29, Laws of 1909; Consol. Laws, c. 24); Code of Civil Procedure, § 1925.

I believe the order appealed from should therefore be reversed, in so far as it denies the motion for a temporary injunction against defendants Marks and Smith, and that as to them the motion should have been granted, with costs.